## EXHIBIT INDEX

| EXHIBIT | DESCRIPTION |
|---------|-------------|
| 1. | Complaint |
| 2. | Acceptance of Service |
| 3. | Motion for Enlargement of Time in Which to Serve Defendants Virginia Stahl and John Doe Stahl and proposed Order Granting Motion for Enlargement of Time in Which to Serve Defendants Virginia Stahl and John Doe Stahl |
| 4. | Defendants' Response to Motion for Enlargement of Time in Which to Serve Defendants Virginia Stahl and John Doe Stahl |
| 5. | Order Granting Motion for Enlargement of Time in Which to Serve Defendants Virginia Stahl and John Doe Stahl |
| 6. | Notice of Removal of Action to the United States District Court, District of Arizona |

# EXHIBIT 1

MICHAEL K. JEANES
Clerk of the Superior Court
By Mariam McTaggart, Deputy
Date 11/01/2010 Time 16:36:15
Description                  Amount
------ CASE# CV2010-099990 ------
CIVIL NEW COMPLAINT            301.00

TOTAL AMOUNT                   301.00
             Receipt# 20934622

**JACKSONWHITE**
ATTORNEYS AT LAW
*A Professional Corporation*

40 North Center Street, Suite 200
Mesa, Arizona   85201
Telephone No.:     (480) 464-1111
Facsimile No.:     (480) 464-5692
Email:     centraldocket@jacksonwhitelaw.com
*Attorneys for Plaintiff*
By:     Michael R. Pruitt, SBN 011792
          Email:     mpruitt@jacksonwhitelaw.com

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

## IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| Donna J. Lehman, a married woman filing individually, | CV2010-099990 |
| Plaintiff, | Case No.: CV _____ |
| v. | **COMPLAINT** |
| Maricopa County Community College District; Virginia Stahl and John Doe Stahl, husband and wife; John and Jane Does I-X; Red Limited Liability Companies I-X; Black Corporations I-X; and White Partnerships I-X, | (Violation of the Family and Medical Leave Act)<br><br>(*Jury Trial Requested*) |
| Defendants. | |

        Plaintiff, Donna J. Lehman ("Plaintiff" or "Lehman"), by and through her counsel

undersigned, and for her Complaint, alleges as follows:

        1.        Plaintiff is, and at all times relevant to this action has been, a married

woman residing in Maricopa County, Arizona, who is filing this action individually.

        2.        Upon information and belief, Defendant Maricopa County Community

College District ("MCCCD"), is a community college district as defined by A.R.S. § 15-

1401, *et seq.*

///

3.     At all material times hereto Plaintiff was an employee of MCCCD within the definition of 29 U.S.C. § 2601, *et seq.* of the Family and Medical Leave Act ("FMLA").

4.     At all times relevant to this action, MCCCD was an employer as defined in 29 U.S.C. § 2601, *et seq.* of the FMLA.

5.     At all times relevant to this action, Defendant Virginia Stahl was the Vice President of Student Services at Scottsdale Community College and was also an employer of Plaintiff as defined in 29 U.S.C. § 2601, *et seq.* of the FMLA.

6.     At all times relevant to this action, Defendant Virginia Stahl acted directly or indirectly in the interest of MCCCD in relation to Plaintiff's employment.

7.     At all times material hereto, Defendant MCCCD was acting through its agents and/or employees, and is therefore liable for the actions of those agents and/or employees under the doctrine of respondeat superior.

8.     Upon information and belief, Defendants Virginia Stahl and John Doe Stahl, are husband wife, and at all relevant times were both residents of Arizona, residing in Maricopa County, Arizona.  The true name of John Doe Stahl is not presently known to Plaintiff, but leave of Court will be requested to add her true name when and if it is discovered.

9.     Upon information and belief, all acts alleged in this Complaint against Defendant Virginia Stahl were performed on behalf of and for the benefit of Defendants Virginia Stahl and John Doe Stahl's marital community rendering their marital community liable for the actions of Defendant Virginia Stahl.

10.     John and Jane Does I-X, Red Limited Liability Companies I-X, Black Corporations I-X, and White Partnerships I-X, are fictitious individuals or entities who may be liable to Plaintiff for all or part of her damages.  At this time, the true names of these individuals or entities are not known, but leave of court will be sought to add their true names at such time as they are discovered.

/ / /

-2-

11.    The events giving rise to these causes of action occurred in Maricopa County, Arizona within the jurisdiction of this court.

12.    This court has subject matter jurisdiction over Plaintiff's claims.

## BACKGROUND FACTS

13.    Plaintiff began working for MCCCD on May 29, 2002 as the Coordinator of Adult Re-Entry Services at Scottsdale Community College ("SCC"). In September 2002, she was also given responsibility as the Coordinator of Veteran Services. In 2007, the Adult Re-Entry Services department was closed due to the decline in the adult student population at SCC and a shortage in funding.   Thereafter, Plaintiff was transferred to a position as Coordinator of Student Success Services and Early Alert Programs.

14.    Plaintiff was fully qualified for her position as Coordinator of Student Success Services and Early Alert Programs.   As Coordinator of Student Success Services and Early Alert Programs, Plaintiff was responsible for planning, designing, and directing a comprehensive student success program in conjunction with other student services departments, faculty, local schools, and community groups for the purpose of promoting student success and retentions. Some of Ms. Lehman's job duties in her position included administering the campus-wide student success and early alert program; working with students one-on-one and in groups to advise on academic success progress for retention purposes; planning, organizing, and implementing campus-wide student success and retention programs; planning and coordinating the First Year Student Orientation Programs and workshops; evaluating program activities; developing the department website; preparing reports, materials, and formal presentations for program use; administrating the department budget; serving on college and district committees; coordinating the student success tracking system, data collection analyses, and follow-up surveys; and performing related duties as necessary for program success.

15.    Some of Plaintiff's accomplishments while employed by MCCCD include, but are not limited to, establishing the first Adult Re-Entry Orientation Program at SCC;



establishing the first ever Adult Re-Entry Arizona State University Transfer Visitation Program; and serving for six years on the Nina Mason Pullium Foundation College Scholarship Program and as a committed committee member and trusted advisor to the program director. Additionally, Plaintiff was a member of the winning team which won innovation of the year in 2009-2010 at Chandler-Gilbert Community College and received an honorable mention by the national organization of League For Innovation for faculty advising and career counseling and she developed the first ever Veteran's Day Exposition and Career Fair at Chandler-Gilbert Community College in 2009.

16.    Prior to the incidents that give rise to this litigation, Plaintiff's work performance was always at least satisfactory, and she received regular pay increases each year.

17.    For several years prior to 2008, Plaintiff suffered from severe right knee pain and lower back pain (caused by favoring her right knee). In March 2008, Plaintiff underwent arthroscopic knee surgery in an effort to try to alleviate some of her on-going pain. However, the surgery was not successful and Plaintiff continued to suffer knee pain.

18.    In June 2008, Plaintiff consulted with another orthopedic surgeon, Dr. David Camarata, who recommended that Plaintiff have a total knee replacement. Plaintiff decided to take Dr. Camarata's advice and have the operation. Plaintiff contacted the FMLA representative at MCCCD's District Office, Carol Garcia, who sent Plaintiff the necessary paperwork to request an FMLA leave of absence. Ms. Garcia also explained MCCCD's FMLA policies and procedures regarding FMLA leaves of absence and Plaintiff's responsibilities to keep MCCCD informed of her medical condition while she was on FMLA leave. Additionally, Ms. Garcia specifically told Plaintiff that she was to only communicate with the District Office during her medical leave of absence, including any requests for additional time off of work beyond her original requested time off to recuperate from her surgery.

///

19.   Plaintiff requested FMLA leave from July 7, 2008 through September 1, 2008, or approximately eight weeks.  Her request for FMLA leave was approved on June 30, 2008.  Plaintiff began her FMLA medical leave on July 8, 2008.

20.   Plaintiff's surgery was on July 9, 2008, and although the surgery itself went well, Plaintiff's recovery was very painful and she was required to take additional time off of work to recuperate.

21.   While on medical leave, Plaintiff (and her doctors) complied with all of MCCCD's requests for information concerning her medical condition and her continued need for medical leave.

22.   Plaintiff was .required to take almost seven months off of work to recuperate from her surgery.  All of the medical leave was FMLA and MCCCD approved.

23.   According to the Maricopa Community Colleges Management, Administrative & Technological (MAT) policies in effect beginning July 1, 2008, employees could request a medical leave of absence for personal health reasons after exhaustion of their Family and Medical Leave for up to nine months with up to ten years of service and up to 15 months with ten or more years of service.  To obtain additional leave time, employees were required to submit a physician's statement to Human Resources, which had to be accepted by Human Resources.  Employees were entitled upon return from a Medical Leave of Absence, to be returned to the position the employee held when leave commenced.  Plaintiff complied with MCCCD's Medical Leave of Absence policy.

24.   In early November 2008, while she was still off work on FMLA leave and recovering from her surgery on July 9th, Plaintiff received a telephone call from Judy Castellanos in MCCCD's Human Resources office informing her that her employment would be terminated as of June 30, 2009 due to budget cuts.  Ms. Castellanos further stated that the lay-off would be confirmed at the November 2008 Board meeting.

/ / /

25.    In or around the first week of December 2008, Plaintiff received a letter dated December 5, 2008 from Rufus Glasper, Chancellor, confirming Plaintiff's lay-off. The news of her lay-off devastated Plaintiff and affected her recovery.

26.    The December 5, 2008 letter states in part:

"I regret to inform you that your position of Coordinator of Adult Re-Entry is being eliminated in accordance with Maricopa Community Colleges Management, Administrative & Technological (MAT) Policy Manual, Section 23.3: Workforce Reductions. This action will be placed in the Action Item at the Governing Board Meeting on December 9, 2008. The layoff will occur on June 30, 2009. The reason for this action is due to budgetary constraints.

****

Additionally, pursuant to Section 23.3.2 of the MAT Policy Manual: 'Within twenty (20) working days following the Governing Board approval of release for issues such as budget or reorganization, the District will begin a placement process to assist the employee to find another assignment. This process will continue during the balance of the fiscal year in which the employee is notified of release.'"

27.    Despite the letter's promise, Plaintiff was not contacted by the District Human Resources Department regarding assistance to find another assignment within 20 working days of December 9, 2008. Human Resources did not contact Plaintiff until March 27, 2009, after she returned to work. Plaintiff was required to search for a new position at MCCCD without meaningful assistance.

28.    MCCCD's MAT Policy, Section 23.3.2, Work Force Reduction, effective July 1, 2008, also states:

". . . the District will begin a placement process to assist the employee to find another assignment. . . . . This process will include, but not be limited to:

****

If possible, providing opportunity for employee to retrain/re-career."

29.    Despite this policy, Plaintiff was never offered any retraining or a career in another area.

30.    On January 13, 2009, while she was still off work on FMLA leave, Plaintiff received an email from Defendant Stahl, the Vice President of Student Services

-6-

at SCC, and Plaintiff's new supervisor, telling her that her job responsibilities had already been given to other employees. The email also stated that a new assignment had not yet been identified for Plaintiff but that Stahl was exploring jobs at other colleges for Plaintiff, even though Plaintiff had been at SCC since she began working for MCCCD, and she wanted to return to SCC.

31.     Plaintiff returned to work on February 2, 2009.

32.     Upon Plaintiff's return to work, several co-workers at SCC told Plaintiff that her job duties had actually been *permanently* reassigned to other employees *in August 2008*, by Stahl, approximately four weeks after Plaintiff began her FMLA medical leave and just a few weeks after her former supervisor, Osaro Ighodaro, moved to Glendale Community College.

33.     Plaintiff's job duties were removed prior to the reduction in force, while Plaintiff was on medical leave, even though MCCCD and Stahl were well aware of her serious medical condition and that she was on FMLA medical leave, causing Plaintiff's position to become unnecessary and targeting her for lay-off in the reduction in force.

34.     Because Plaintiff no longer had a job at SCC, her return to work was very uncomfortable and she was subjected to an uncomfortable work environment. Added to this environment was Stahl's apparent desire to get rid of Plaintiff and Human Resources' lack of help.

35.     Due to the removal of Plaintiff's job and job responsibilities, Plaintiff accepted a temporary position without an assigned title in the District Office working in Dr. Sylvia Manlove's office, the Associate Vice Chancellor of Student Affairs. Plaintiff began this position on or around February 9, 2009, and it was supposed to last until June 30, 2009.

36.     For the first two weeks in this position, Plaintiff was not assigned any specific tasks. Dr. Manlove then asked Plaintiff to help with two projects: Student Veterans Summit and the Minority Male Initiative. Plaintiff was also asked to

accompany Dr. Manlove to meetings and take meeting minutes, which was very humiliating to Plaintiff, but she did what she was asked to stay employed.

37.    Because Plaintiff had anticipated returning to work in her same position at SCC following her surgery, she had left all of her belongings in her office at SCC. Returning to her office at SCC and taking her belongings to move to the District Office after nearly seven years at SCC was extremely humiliating and embarrassing to Plaintiff who had many friends, co-workers, and students at SCC.  To make matters worse, Stahl asked Plaintiff to vacate her office within one week because she (Stahl) needed the office for another program.

38.    Plaintiff's position in Student Affairs in the District Office was significantly different than the position she had previously held at SCC.

39.    Normally, in the District Office, exempt MAT employees in the Student Affairs' department, have their own offices. However, Plaintiff was not given an office, but was required to use a receptionist cubicle as an office, which only added insult to injury.  Additionally, Plaintiff was not given any work assignments for several weeks and was made to feel by her supervisor and co-workers that she did not belong.  After a few weeks in the Student Affairs' department, Plaintiff was given a half cubicle behind Dr. Manlove's secretary's desk to use as a work station.  Additionally, in or around this same time, Dr. Manlove assigned Plaintiff a few projects to work on making telephone calls and compiling information on minority male and veteran students.  These projects could and should have been completed by Dr. Manlove's secretary.  However, Plaintiff worked on the projects without question.

40.    Before Plaintiff transferred to the District Office, Stahl promised Plaintiff that she would be able to look for a permanent job without penalty for the time utilized as long as it was during her regular work hours.  Stahl also told Plaintiff that she would convey this to Dr. Manlove as well.  During Plaintiff's first meeting with Dr. Manlove, Plaintiff asked Dr. Manlove if Stahl had talked to her (Dr. Manlove) about Plaintiff looking for a permanent job during regular work hours.  Dr. Manlove confirmed that

Stahl had talked to her about Plaintiff looking for a permanent job and that it would be alright. However, when Plaintiff took time off for job interviews, Dr. Manlove seemed upset by it. Plaintiff was still required to search for a job on her own with no help from Human Resources.

41.     On or around March 2, 2009, after Plaintiff had worked only four weeks in the Student Affairs' department, Dr. Manlove informed Plaintiff that her temporary position was being terminated and that she would be returning to SCC, allegedly because Plaintiff "took too much time away for job searches." Plaintiff had only four job interviews during the time she worked at the District Office. Plaintiff asked Dr. Manlove and Al Crusoe, the Vice Chancellor of Human Resources, for permission to remain at the District Office until June 30, 2009, which was denied. She then asked to stay until March 27, 2009, which was granted.

42.     Shortly after she began working in the District Office, on or around February 10, 2009, Plaintiff complained to Judy Castellanos, Human Resources, regarding her belief that MCCCD had violated MAT policies and the FMLA in terminating her employment as part of the reduction in force. Thereafter, Plaintiff attempted to telephone Ms. Castellanos to follow up on her complaints. After numerous unreturned telephone calls, Plaintiff sent a follow-up email to Ms. Castellanos on March 5, 2009 regarding her complaints. Ms. Lehman never received a response from Ms. Castellanos. Therefore, on or around March 9, 2009, Ms. Lehman met with Jim Neuenfeldt, the President of the MAT Executive Council regarding MCCCD's possible violations of its MAT policies and the FMLA in terminating her employment as part of the reduction in force.

43.     Following her meeting with Mr. Neuenfeldt, Plaintiff met with Al Crusoe, the Vice Chancellor of Human Resources, on or around March 10, 2009, and complained about MCCCD's possible violations of the MAT policies and FMLA and regarding Human Resources' failure to help her locate a job. She also complained that she was being required to return to SCC after being terminated by SCC and Stahl and

her treatment following her termination from SCC.  Plaintiff requested that she be allowed to remain at the District Office in another position until she could locate a permanent position.  On or around March 27, 2009, Mr. Crusoe informed Plaintiff that there were no positions or temporary positions available at the District Office and that she would need to return to SCC on March 30, 2009.

44.    On March 30, 2009, less than three weeks after complaining to Mr. Crusoe, and after only seven weeks in the Student Affairs' department at the District Office, Plaintiff was forced to transfer back to SCC.

45.    Upon her return to SCC, Plaintiff was not given a job title, job description, or list of duties.  All of her job duties were temporary assignments.  Plaintiff was again placed under the supervision of Stahl.

46.    At SCC, Plaintiff was given an office that no other employees wanted because it was located in the noisy cafeteria, was the size of a small closet, and had no window.  In addition, the office had inadequate air circulation.  Plaintiff complained to the maintenance department about the air problem, but to no avail.  Plaintiff also talked to Stahl about her office.  Stahl claimed that this was the only vacant office on the SCC campus.

47.    Upon her return to SCC, Plaintiff was again subjected to an uncomfortable work environment by Stahl and Yira Brimage, Assistant Vice President of Student Services.  For example:

(A)    After returning to SCC, Stahl refused to give Plaintiff any meaningful assignments.  Plaintiff was given only a few assignments by Stahl performing administrative assistant duties, such as rearranging the furniture and tables in the cafeteria.  Thereafter, due to the lack of assignments, and because no one in the Dean of Student Services' office seemed to care where she worked as long as she remained on campus, Plaintiff began helping students register for classes in the MyMaricopa Lab.

-10-

(B)    In May 2009, Stahl retired from MCCCD.    Following Stahl's retirement, Yira Brimage, Assistant Vice President of Student Services, refused to speak to Plaintiff and did not give her any assignments.

48.    Due to her treatment at SCC and MCCCD and the lack of caring about her pending unemployment by Stahl, Judy Castellanos (Human Resources), and Ms. Brimage, Plaintiff became very depressed and began seeing a counselor on May 7, 2009. She was also prescribed medication by her doctor.

49.    On April 14, 2009, Plaintiff emailed Judy Castellanos and Al Crusoe in the Human Resources Department because she had still received no communication or assistance from HR in locating another position within MCCCD or regarding outplacement services.  She emailed Ms. Castellanos and Mr. Crusoe again on April 28, 2009.  Plaintiff never received a response to her emails.

50.    In early June 2009, Plaintiff met with Rufus Glasper, Chancellor.  Plaintiff explained to Dr. Glasper that her employment was being terminated as part of the reduction in force, that her job duties had been permanently reassigned to other employees in August 2008 while she was on protected FMLA leave, that since returning to work she had been humiliated by transferring her to the District Office for five weeks and then transferring her back to SCC, that a new position had not been located for her, and that no one seemed to care if a position was located for her.  Dr. Glasper was understanding and apologetic and told Plaintiff that SCC had acted "inappropriately hastily" regarding the reduction in force.  Additionally, Dr. Glasper told Plaintiff that no other campus had gone the route of laying-off employees in such a haphazard manner as SCC.

51.    Dr. Glasper told Plaintiff that he would do what he could to continue Plaintiff's employment with MCCCD for the next year before June 30, 2009 and then to help her with a permanent placement within MCCCD.

52.    Dr. Glasper also told Plaintiff he would look into her complaints about Human Resources for not helping her to find a new position and for violation of the

FMLA, and that he would have a representative contact her shortly.  Shortly thereafter, Plaintiff received an email from Human Resources regarding a position as Assistant Director of Athletics at Mesa Community College, for which Plaintiff had no training or background.  Plaintiff interviewed for the position but was not hired.

53.    On July 1, 2009, Plaintiff was placed in a position as Coordinator of Adult Re-Entry, which was actually a Career Advisor, in the CareerServices department at Chandler-Gilbert Community College ("CGCC") on a one-year only basis through June 30, 2010.

54.    Plaintiff's work at CGCC resulted in Plaintiff winning Innovation of the Year in 2009-2010 and getting an honorable mention by the National Organization of League for Innovation.  Additionally, Plaintiff participated on a search committee for English faculty, she developed the first Veteran's Day Exposition, and she gave her all as a team member in Career Services.  However, Plaintiff was unable to find a permanent position in MCCCD.

55.    In May 2010, Plaintiff again spoke with Dr. Rufus Glasper regarding a permanent position for 2010-2011.  Dr. Glasper, who had been very supportive and helpful to Plaintiff in June 2009, now very uncaringly told her, "I can't force you on anyone."  Dr. Glasper suggested that Plaintiff meet with Dr. Phil Randolph, Interim Vice Chancellor of Human Resources.  Plaintiff and her husband met with Dr. Randolph on June 23, 2010.  Dr. Randolph repeated Dr. Glasper's sentiment: "I can't force you on any one."

56.    Plaintiff's employment was terminated effective June 30, 2010.

57.    Had Stahl not permanently removed Plaintiff's job responsibilities and given them to another employee while Plaintiff was on approved FMLA medical leave, Plaintiff would still be employed.  The employee who took over Plaintiff's job responsibilities remains employed with MCCCD at SCC.

58.    Upon information and belief, Plaintiff was terminated, in whole or in part, because of her use of FMLA leave.

-12-

59.     As a result of Defendants' actions, Plaintiff has been damaged and continues to be damaged.

60.     Plaintiff has also suffered emotional distress because of the illegal and inappropriate treatment she has received from Defendants and their employees.

61.     Plaintiff timely filed this lawsuit.

## COUNT I

### (Violation of the Family and Medical Leave Act)

62.     All previous paragraphs of this Complaint are realleged as if set forth more fully herein.

63.     The Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601, *et seq.*, allows an eligible employee to take up to twelve weeks of unpaid leave in any 12 month period for various purposes, including a serious health condition that makes the employee unable to perform one or more of the essential functions of his or her job.

64.     Plaintiff was an eligible employee and Defendants were covered employers under the FMLA.

65.     Plaintiff suffered from a serious health condition as defined in the FMLA.

66.     Plaintiff took qualified FMLA leave from her job with Defendants because of her serious health condition.

67.     Plaintiff was terminated in whole or in part because she availed herself of qualified FMLA leave.

68.     Defendants violated the FMLA by (1) interfering with Plaintiff's FMLA rights or (2) retaliating against Plaintiff for exercising FMLA leave when Defendants involuntarily terminated her employment after she took or while she was taking qualified FMLA leave.

69.     As provided for under the FMLA, Plaintiff is entitled to collect liquidated damages equal to the sum of her lost compensation, wages, and benefits.

70.     As a result of Defendants' violations of the FMLA, Plaintiff is entitled to collect wages, employment, and pension benefits denied or lost, interest on this amount,

liquidated damages equal to the lost compensation, wages, and benefits, including her back pay damages, pain and suffering for her retaliation claims, and Plaintiff's reasonable attorneys' fees and costs. Plaintiff is also entitled to reinstatement or in lieu thereof front pay and other appropriate equitable relief, as well as all other remedies available under 29 U.S.C. § 2601, *et seq.*

WHEREFORE, Plaintiff requests that this court enter judgment in her favor and against the Defendants as follows:

A.    Declare that the employment practices complained of in this Complaint are unlawful and that they violate 29 U.S.C. § 2601, *et seq.*

B.    Order Defendant MCCCD to make Plaintiff whole by reinstating her with full back pay, bridged seniority, and reimbursement for all loss of pension, retirement, insurance, Social Security and other monetary and non-monetary benefits, or, alternatively deny reinstatement because of workplace hostility and other aggravating circumstances and order Defendants to pay Plaintiff back and front pay and reimbursement for all loss of pension, retirement, insurance, Social Security, and other monetary and non-monetary benefits, all amounts to be proven at trial;

C.    Order Defendant MCCCD to make Plaintiff whole, pursuant to 29 U.S.C. § 2601, *et seq.*;

D.    Order Defendants to pay Plaintiff compensatory damages for her economic losses, pain and suffering, emotional distress, harm to reputation and loss of earning capacity, and all special damages or financial losses that Plaintiff has suffered in an amount to be proven at trial;

E.    For loss of fringe benefits in an amount that will be proven at trial;

F.    For additional damages to compensate for the taxation of Plaintiff's economic damages.

G.    For all relief available under the FMLA;

H.    For liquidated damages on Plaintiff's FMLA claim;

I.    Award Plaintiff prejudgment interest from the date each claim for damages was liquidated;

J.    Award Plaintiff prejudgment interest on all liquidated sums and interest on all sums awarded in judgment at the highest legal rate allowable from the date of judgment until paid;

K.    Award Plaintiff interest on all sums awarded in judgment at the highest legal rate allowable from the date of judgment until paid;

L.    Order Defendants to pay Plaintiff's court costs, expenses, and reasonable attorneys' fees in connection with this action, as provided in 29 U.S.C. § 2601, *et seq.*, and any other applicable statute;

M.    For Plaintiff's continuing costs in this matter;

N.    Retain jurisdiction over this action to ensure full compliance with the Court's orders and require Defendants to file such reports as the Court deems necessary to evaluate such compliance; and

O.    For such other and further relief as this court deems just and proper under the circumstances.

**DATED** this 1st day of November, 2010.

**JACKSON WHITE**

By:    Michael R. Pruitt, SBN 011792
40 North Center Street, Suite 200
Mesa, Arizona  85201
*Attorneys for Plaintiff*

**ORIGINAL** of the foregoing filed with the Clerk of the Court this 1st day of November, 2010.

By:

F:\JKL\Lehman\Pleadings\Complaint.doc

-15-

# EXHIBIT 2

**JACKSONWHITE**
ATTORNEYS AT LAW
*A Professional Corporation*

40 North Center Street, Suite 200
Mesa, Arizona  85201
Telephone No.:        (480) 464-1111
Facsimile No.:         (480) 464-5692
Email:        centraldocket@jacksonwhitelaw.com
*Attorneys for Plaintiff*
By:     Michael R. Pruitt, SBN 011792
        Email:        mpruitt@jacksonwhitelaw.com

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

## IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| Donna J. Lehman, a married woman filing individually, <br><br> Plaintiff, <br><br> v. <br><br> Maricopa County Community College District; Virginia Stahl and John Doe Stahl, husband and wife; John and Jane Does I-X; Red Limited Liability Companies I-X; Black Corporations I-X; and White Partnerships I-X, <br><br> Defendants. | Case No.: CV2010-099990 <br><br> **ACCEPTANCE OF SERVICE** |

        Pursuant to A.R.Civ.P. 4(f), I, Pavneet Singh Uppal, of the law firm of Fisher &

Phillips LLP, counsel for Defendant Maricopa County Community College District

("MCCCD"), hereby acknowledge receipt of a copy of the Complaint in the above-

entitled cause and hereby accept service thereof, waiver of service of process, and enter

my appearance on behalf of Defendant MCCCD for all purposes of this action.

/ / /

/ / /

/ / /

/ / /

-1-

1    **DATED** this 25th day of February, 2011,

2

3

4    Pavneet Singh Uppal
     FISHER & PHILLIPS LLP
5    201 East Washington Street, Suite 1450
     Phoenix, Arizona  85004-2330
6    *Attorneys for Defendants*

7    F:\JKL\Lehman\Pleadings\Acceptance of Service 1.doc

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-2-

Michael K. Jeanes, Clerk of Court
*** Electronically Filed ***
Tina Hays
Filing ID 822117
3/14/2011 12:25:00 PM

# JACKSONWHITE
## ATTORNEYS AT LAW
### *A Professional Corporation*

40 North Center Street, Suite 200
Mesa, Arizona   85201
Telephone No.:      (480) 464-1111
Facsimile No.:      (480) 464-5692
Email:      centraldocket@jacksonwhitelaw.com
*Attorneys for Plaintiff*
By:    Michael R. Pruitt, SBN 011792
       Email:      mpruitt@jacksonwhitelaw.com

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

## IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| Donna J. Lehman, a married woman filing individually, | |
| Plaintiff, | Case No.:  CV2010-099990 |
| v. | **ACCEPTANCE OF SERVICE** |
| Maricopa County Community College District; Virginia Stahl and John Doe Stahl, husband and wife; John and Jane Does I-X; Red Limited Liability Companies I-X; Black Corporations I-X; and White Partnerships I-X, | |
| Defendants. | |

Pursuant to A.R.Civ.P. 4(f), I, Pavneet Singh Uppal, of the law firm of Fisher & Phillips LLP, counsel for Defendants Virginia Stahl and Maricopa County Community College District, hereby acknowledge receipt of a copy of the Complaint in the above-entitled cause and hereby accept service thereof, waiver of service of process, and enter my appearance on behalf of Defendant Virginia Stahl.

**DATED** this 8th day of March 2011.

Pavneet Singh Uppal
FISHER & PHILLIPS LLP
201 East Washington Street, Suite 1450
Phoenix, Arizona   85004-2330
*Attorneys for Defendants*

F:\JKL\Lehman\Pleadings\Acceptance of Service 2.doc

# EXHIBIT 3

Michael K. Jeanes, Clerk of Court
*** Electronically Filed ***
Dorotha Stephens
Filing ID 810393
3/1/2011 3:04:00 PM

JACKSON**W**HITE
ATTORNEYS AT LAW
*A Professional Corporation*

40 North Center Street, Suite 200
Mesa, Arizona  85201
Telephone No.:      (480) 464-1111
Facsimile No.:      (480) 464-5692
Email:      centraldocket@jacksonwhitelaw.com
*Attorneys for Plaintiff*
By:     Michael R. Pruitt, SBN 011792
       Email:      mpruitt@jacksonwhitelaw.com

**IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**

**IN AND FOR THE COUNTY OF MARICOPA**

| | |
|---|---|
| Donna J. Lehman, a married woman filing individually,<br><br>                    Plaintiff,<br><br>v.<br><br>Maricopa County Community College District; Virginia Stahl and John Doe Stahl, husband and wife; John and Jane Does I-X; Red Limited Liability Companies I-X; Black Corporations I-X; and White Partnerships I-X,<br><br>                    Defendants. | Case No.:  CV2010-099990<br><br>**MOTION FOR ENLARGEMENT OF TIME  IN WHICH TO SERVE DEFENDANTS VIRGINIA STAHL AND JOHN DOE STAHL**<br><br>(Assigned to the Honorable Emmet Ronan) |

Pursuant to A.R.Civ.P. 6(b), Plaintiff, Donna Lehman, by and through her undersigned counsel, hereby moves for an Order enlarging the time in which to serve Defendants Virginia Stahl and John Doe Stahl, for a period of thirty days.  The time prescribed by A.R.Civ.P. 4(i) has expired and the requested extension is necessary for the reason that Plaintiff is still in the process of locating and attempting to serve Defendants Virginia Stahl and John Doe Stahl.

This Motion is supported by the accompanying Memorandum of Points and Authorities which is incorporated herein by this reference.

/ / /

-1-

## MEMORANDUM OF POINTS AND AUTHORITIES

Pursuant to A.R.Civ.P. 6(b), Plaintiff, Donna Lehman, submits there is good cause to grant her Motion For Enlargement of Time to Serve Virginia Stahl and John Doe Stahl. Plaintiff previously sent an Acceptance of Service to counsel for Defendant Maricopa County Community College District ("MCCCD") on February 10, 2011 requesting that he sign the Acceptance of Service on behalf of all Defendants. On February 25, 2011, counsel for Defendant MCCCD agreed to accept service on behalf of MCCCD. Counsel for Defendant MCCCD has indicated that he is attempting to contact Virginia and John Doe Stahl regarding the signing of the acceptance of service of the Complaint on their behalf. Plaintiff is also attempting to locate an address for Virginia and John Doe Stahl for personal service in the event counsel for MCCCD is not authorized to sign the Acceptance of Service.

Therefore, in light of the fact that Plaintiff has had discussions with counsel for Defendant MCCCD regarding signing an Acceptance of Service on behalf of Defendants Virginia Stahl and John Doe Stahl and that Plaintiff is also in the process of locating and attempting to serve Mr. and Mrs. Stahl, Plaintiff submits there is good cause for this Court to grant Plaintiff's Motion For Enlargement of Time to Serve Defendants Virginia Stahl and John Doe Stahl.

**RESPECTFULLY SUBMITTED** this 1st day of March, 2011.

**JACKSON WHITE**


/s/ Michael R. Pruitt
By:    Michael R. Pruitt, SBN 011792
40 North Center Street, Suite 200
Mesa, Arizona   85201
*Attorneys for Plaintiff*

**ORIGINAL** of the foregoing and Proposed Order
filed with the Clerk of the Court this 1st day of
March, 2011.

/ / /

1   **COPY** of the foregoing mailed/*hand-delivered
    this 1st day of March, 2011, to:

2
    *The Honorable Emmet Ronan
3   Southeast Court (SE)
    222 E. Javelina
4   Mesa, Arizona   85210

5   Pavneet Singh Uppal
    FISHER & PHILLIPS LLP
6   201 East Washington Street, Suite 1450
    Phoenix, Arizona   85004-2330
7   *Attorneys for Defendant Maricopa County Community College District*

8

9   By:  /s/ Debra Carpenter
    F:\JKL\Lehman\Pleadings\Motion For Enlargement of Time .doc

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

JACKSON WHITE
ATTORNEYS AT LAW
*A Professional Corporation*

40 North Center Street, Suite 200
Mesa, Arizona   85201
Telephone No.:      (480) 464-1111
Facsimile No.:      (480) 464-5692
Email:      centraldocket@jacksonwhitelaw.com
*Attorneys for Plaintiff*
By:     Michael R. Pruitt, SBN 011792
          Email:      mpruitt@jacksonwhitelaw.com

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

## IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| Donna J. Lehman, a married woman filing individually, <br><br> Plaintiff, <br><br> v. <br><br> Maricopa County Community College District; Virginia Stahl and John Doe Stahl, husband and wife; John and Jane Does I-X; Red Limited Liability Companies I-X; Black Corporations I-X; and White Partnerships I-X, <br><br> Defendants. | Case No.:  CV2010-099990 <br><br> **ORDER GRANTING MOTION FOR ENLARGEMENT OF TIME IN WHICH TO SERVE DEFENDANTS VIRGINIA STAHL AND JOHN DOE STAHL** |

Pursuant to the Motion For Enlargement of Time In Which To Serve Defendants Virginia Stahl and John Doe Stahl filed by Plaintiff,

IT IS HEREBY ORDERED enlarging the time in which to serve Defendants Virginia Stahl and John Doe Stahl, for a period of thirty (30) days.

DONE IN OPEN COURT this _____ day of March, 2011.

_____
The Honorable Emmet Ronan

# EXHIBIT 4

1    Pavneet Singh Uppal, SBN 016805
2    FISHER & PHILLIPS LLP
    201 E. Washington Street, Suite 1450
3    Phoenix, Arizona 85004-2343
    Telephone: (602) 281-3400
4    Fax: (602) 281-3401
5    puppal@laborlawyers.com

6    Attorneys for Defendants
    Maricopa County Community College
7    District and Virginia STahl

8

9            **SUPERIOR COURT OF ARIZONA**

10           **COUNTY OF MARICOPA**

| | |
|---|---|
| 11  Donna J. Lehman, a married woman filing individually, | No. CV2010-099990 |
| 12 | |
| 13           Plaintiff, | **DEFENDANTS' RESPONSE TO MOTION FOR ENLARGEMENT OF TIME IN WHICH TO SERVE DEFENDANTS VIRGINIA STAHL AND JOHN DOE STAHL** |
| 14      v. | |
| 15  Maricopa County Community College District; Virginia Stahl and John Doe Stahl, husband and wife; John and Jane Does I-X; Red Limited Liability Companies I-X; Black Corporations I-X; and White Partnerships I-X, | |
| 16 | |
| 17 | |
| 18 | |
| 19          Defendants. | |
| 20 | |

21         Defendants Maricopa County Community College District ("MCCCD") and
22 Virginia Stahl ("Defendants"), by and through their undersigned counsel, hereby join in
23 Plaintiff's request for an enlargement of time to effectuate service on Defendant Virginia
24 Stahl. Undersigned counsel has accepted and waived service on behalf of Virginia Stahl
25 effective March 8, 2011. As there is no prejudice to Defendants Stahl or MCCCD,
26 Defendants respectfully request that Plaintiff's motion for an enlargement of time to
27 effectuate service on Defendant Stahl be granted.
28

FISHER & PHILLIPS LLP
201 E. Washington Street, Suite 1450
Phoenix, Arizona 85004-2343
(602) 281-3400

DATED this 8th day of March 2011.

FISHER & PHILLIPS LLP

By  /s/ Pavneet Singh Uppal
     Pavneet Singh Uppal
     201 E. Washington Street, Suite 1450
     Phoenix, Arizona 85004-2343
     Attorneys for Defendants

**ORIGINAL** of the foregoing
electronically filed with the Clerk
of the Court this 8th day of March 2011.

**COPY** of the foregoing mailed
this 8th day of March 2011, to:

Michael R. Pruitt
JACKSON WHITE
40 North Center Street, Suite 200
Mesa, Arizona 85201
Attorneys for Plaintiff

Honorable Emmet Ronan
Maricopa County Superior Court
Southeast Court
222 E. Javelina
Mesa, Arizona 85210

 /s/ Debra Perkins

FISHER & PHILLIPS LLP
201 E. Washington Street, Suite 1450
Phoenix, Arizona 85004-2343
(602) 281-3400

2

## Filing Details

**Filing ID:** 817383 **Authorized Date:** 3/8/2011 6:18:12 PM

| | |
|---|---|
| **Filer's Information** | Pavneet Singh Uppal<br>**Email:** puppal@laborlawyers.com |
| **Firm Information** | Fisher & Phillips LLP<br>201 E. Washington Street Suite 1450<br>Phoenix, AZ 85004<br>**Phone:** 602-281-3410 |
| **Case Number** | CV2010-099990 |
| **Case Summary** | Lehman Vs. Maricopa County Community College Distr / Ronan, Emmet |
| **Attorney Information** | **Bar No.:** 016805 - **State:** AZ - **Email:** puppal@laborlawyers.com |
| **Filing Fee** | $0 |

## Documents Attached to Filing

| Document Title | Document Type |
|---|---|
| Defendants' Response to Motion for Enlargement of Time in Which to Serve Defendants Virginia Stahl and John Doe Stahl | Response |

If you have any questions about your filing, please contact us:

**Clerk of Court Address**
201 West Jefferson
Phoenix, Arizona 85003

**eFiling Support Phone**
602-506-2565

**Clerk of Court Web Site**
http://clerkofcourt.maricopa.gov

# EXHIBIT 5

\*\*\* Granted \*\*\*
See eSignature Page

Michael K. Jeanes, Clerk of Court
\*\*\* Electronically Filed \*\*\*
Tina Hays
Filing ID 819245
3/10/2011 10:24:57 AM

# JACKSONWHITE
### ATTORNEYS AT LAW
*A Professional Corporation*

40 North Center Street, Suite 200
Mesa, Arizona  85201
Telephone No.:      (480) 464-1111
Facsimile No.:      (480) 464-5692
Email:      centraldocket@jacksonwhitelaw.com
*Attorneys for Plaintiff*
By:      Michael R. Pruitt, SBN 011792
        Email:      mpruitt@jacksonwhitelaw.com

**IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**

**IN AND FOR THE COUNTY OF MARICOPA**

| | |
|---|---|
| Donna J. Lehman, a married woman filing individually, <br><br> Plaintiff, <br><br> v. <br><br> Maricopa County Community College District; Virginia Stahl and John Doe Stahl, husband and wife; John and Jane Does I-X; Red Limited Liability Companies I-X; Black Corporations I-X; and White Partnerships I-X, <br><br> Defendants. | Case No.:  CV2010-099990 <br><br> **ORDER GRANTING MOTION FOR ENLARGEMENT OF TIME IN WHICH TO SERVE DEFENDANTS VIRGINIA STAHL AND JOHN DOE STAHL** |

Pursuant to the Motion For Enlargement of Time In Which To Serve Defendants Virginia Stahl and John Doe Stahl filed by Plaintiff,

IT IS HEREBY ORDERED enlarging the time in which to serve Defendants Virginia Stahl and John Doe Stahl, for a period of thirty (30) days.

DONE IN OPEN COURT this _____ day of March, 2011.

_____
The Honorable Emmet Ronan

eSignature Page -- 20110301_da33c1da-9af9-4927-92f1-6d6b63eb
                    b181b.pdf

Granted

Signed on this day, March 10, 2011



/S/ Emmet Ronan
Judicial Officer of Superior Court

# EXHIBIT 6

Pavneet Singh Uppal, SBN 016805
Shayna H. Balch, SBN 024852
FISHER & PHILLIPS LLP
201 E. Washington Street, Suite 1450
Phoenix, Arizona 85004-2343
Telephone: (602) 281-3400
Fax: (602) 281-3401
puppal@laborlawyers.com
sbalch@laborlawyers.com

Attorneys for Defendants Maricopa
County Community College District
and Virginia Stahl

## SUPERIOR COURT OF ARIZONA

## MARICOPA COUNTY

| | |
|---|---|
| Donna J. Lehman, | No. CV2010-099990 |
| Plaintiff, | **NOTICE OF REMOVAL OF ACTION TO THE UNITED STATES DISTRICT COURT, DISTRICT OF ARIZONA** |
| v. | |
| Maricopa County Community College District, Virginia Stahl, et al., | (Assigned to Hon. Emmet Ronan) |
| Defendants. | |

**TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

**PLEASE TAKE NOTICE** that on March 28, 2011, Defendants Maricopa County Community College District and Virginia Stahl filed a Notice of Removal of this Action from the Superior Court of Arizona, County of Maricopa, to the United States District Court, District of Arizona. A true and correct copy of the Notice of Removal of Action is attached as **Exhibit A.**

FISHER & PHILLIPS LLP
201 E. Washington Street, Suite 1450
Phoenix, Arizona 85004-2343
(602) 281-3400

Phoenix 13470.1

DATED this 28th day of March 2011.

FISHER & PHILLIPS LLP


By  /s/  Pavneet Singh Uppal
    Pavneet Singh Uppal
    Shayna H. Balch
    201 E. Washington Street, Suite 1450
    Phoenix, Arizona 85004-2343
    Attorneys for Defendants

**CERTIFICATE OF SERVICE**

I hereby certify that on the 28th day of March 2011 electronically transmitted the attached document to the Clerk's Office using the ECF Systems for filing, and I hereby certify that a copy of the foregoing document was served by first class, postage prepaid, this 28th day of March 2011 on the following:

Michael R. Pruitt
Jackson White
40 North Center Street, Suite 200
Mesa, Arizona 85201
Attorneys for Plaintiff


 /s/  Eileen Kane

FISHER & PHILLIPS LLP
201 E. Washington Street, Suite 1450
Phoenix, Arizona 85004-2343
(602) 281-3400

3